IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**CHRISTOPHER S. MCDANIEL**
New York

Plaintiff,

v.

**NATIONAL ARCHIVES AND RECORDS ADMINISTRATION**
8601 Adelphi Road
College Park, MD 20740-6001

and

**EDWARD FORST**, in his official capacity as Acting Archivist of the United States

Defendants.

Civil Action No. ______________

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

Plaintiff Christopher S. McDaniel ("Plaintiff"),[1] by and through his undersigned counsel, hereby alleges as follows:

1. Plaintiff brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Presidential Records Act ("PRA"), 44 U.S.C. §§ 2201–2209, which is administered in accordance with FOIA, for declaratory, injunctive, and other appropriate relief against the National Archives and Records Administration ("NARA"). Plaintiff also seeks an order pursuant to the

[1] A contemporaneous Notice containing Mr. McDaniel's full residential address has been filed with the Court under seal.

Administrative Procedure Act's judicial review provision, 5 U.S.C. §§ 701–708, compelling NARA and Edward Forst, the Acting Archivist, to comply with the requirements of the PRA.

## **Jurisdiction and Venue**

2. The Court has subject matter jurisdiction over this action and personal jurisdiction over Defendant NARA under 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

3. The Court has personal jurisdiction over Defendants NARA and Forst under 5 U.S.C. § 702.

4. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B) and 5 U.S.C. § 703.

## **Parties**

5. Plaintiff Christopher S. McDaniel is an Emmy-award-winning journalist and producer for HBO's *Last Week Tonight with John Oliver*. He resides in New York, New York.

6. Defendant National Archives and Records Administration is an agency of the federal government within the meaning of 5 U.S.C. § 551 and 5 U.S.C. § 552(f) that has possession, custody, and/or control of the records that Plaintiff seeks. NARA's headquarters is located at 8601 Adelphi Road, College Park, Maryland.

7. The Donald J. Trump Presidential Library ("Trump Library") is a NARA component.

8. Defendant Edward Forst is the Acting Archivist of the United States ("Archivist"). He is sued in his official capacity.

**Background and Legal Framework**

9. The PRA provides that when a President leaves office, the Archivist assumes "responsibility for the custody, control, and preservation of, and access to" the former president's records. 44 U.S.C. § 2203(g)(1). Under the PRA, the Archivist has an "affirmative duty to make such records available to the public as rapidly and completely as possible[.]" *Id.*

10. Access to Presidential records "shall be administered in accordance with [FOIA]," and "such records shall be deemed to be records of the National Archives and Records Administration." *Id.* § 2204(c)(1).

11. FOIA requires agencies to make a determination with respect to requests for records within 20 business days of receipt. 5 U.S.C. § 552(a)(6)(A)(ii).

12. When the Archivist has made a determination to release records, the Archivist shall first provide notice—which shall be public—to the former president during whose term the records were created and to the incumbent president. 44 U.S.C. § 2208(a)(1).

13. The former president and incumbent president have 60 business days during which to review the requested records and assert any claim of constitutionally-based privilege against disclosure. *Id.* § 2208(a)(3)(A).

14. President Donald Trump's first term ended on January 20, 2021.

15. All Presidential records from President Trump's first term became subject to FOIA on January 20, 2026.

## Facts

16. On February 18, 2022, then-Archivist of the United States David Ferriero wrote in a letter to Representative Carolyn Maloney stating:

> NARA learned from a press report in Politico that textual Presidential records were being torn up by former President Trump and that White House staff were attempting to tape them back together. . . . After the end of the Trump Administration, NARA learned that additional paper records that had been torn up by former President Trump were included in the records transferred to [NARA]. Although White House staff during the Trump Administration recovered and taped together some of the torn-up records, a number of other torn-up records that were transferred had not been reconstructed by the White House.

A true and correct copy of the February 18, 2022, letter is attached as **Exhibit 1**.

17. On January 20, 2026, Plaintiff submitted a request via email to the Trump Library seeking Presidential records (the "Request"). A true and correct copy of the Request is attached as **Exhibit 2** and is incorporated by reference.

18. The Request sought:

i. Copies of the torn, ripped, shredded, flushed, or otherwise damaged presidential records that were turned over from the White House to the National Archives, as described below. I request copies of both the records that were reconstructed by the White House Office of Records Management (WHORM) or other White House officials, as well as the records that were not reconstructed before being transferred to NARA.

   - At the end of the first term of President Trump, the White House turned over to the National Archives boxes of torn-up records, some of which were reconstructed. In a January 2022 statement (https://www.archives.gov/press/press-releases/2022/nr22-001#january-31-2022), the National Archives confirmed this. It wrote *"Some of the Trump presidential records received by the National Archives and Records Administration included paper records that had been torn up by former President Trump. As has been reported in the press since 2018, White House records management officials during the Trump Administration recovered and taped*

> *together some of the torn-up records. These were turned over to the National Archives at the end of the Trump Administration, along with a number of torn-up records that had not been reconstructed by the White House. The Presidential Records Act requires that all records created by presidents be turned over to the National Archives at the end of their administrations."*

ii. A copy of any logs kept by White House employees that reconstructed or attempted to reconstruct presidential records documenting their efforts. Reporting from Politico in 2018 (https://www.politico.com/story/2018/06/10/trump-papers-filing-system-635164) indicates that the White House Office of Records Management Records (WHORM) was the office in charge of this process. Politico's reporting states that Solomon Lartey and Reginald Young Jr. were among the employees who worked on these efforts.

iii. Manuals, training materials, or instructions provided to the White House personnel, on how to retain and restore presidential records. This part does not request copies of reproductions of publicly available statutes or regulations.

iv. All White House emails that refer to or discuss (a) torn, ripped, shredded, flushed, or otherwise damaged records, and (b) the efforts to retain and restore such records.

v. Photos, videos, or other visual depictions of any torn, shredded, flushed, or otherwise damaged records;

vi. All emails from: The White House Office of Records Management Records; The Office of the Staff Secretary; The Chief of Staff; and The White House Usher's Office, that contain one or more of the following words (case insensitive): rip; ripped; shred; shredded; flush; flushed; toilet; commode; plumber; trashcan; wastebasket; or reconstruct; tape.

Ex. 2.

19. On February 13, 2026, Plaintiff received an email from the Trump Library suggesting that Plaintiff "split" his Request into multiple component parts. A true and correct copy of this email is attached as **Exhibit 3**.

20. On February 18, 2026, Plaintiff received via email a letter from NARA acknowledging receipt of the Request and assigning tracking number 26-19408-F. A true and correct copy of this letter is attached as **Exhibit 4**.

21. On March 24, 2026, Plaintiff received via email a letter from NARA stating that the Trump Library was unable to locate any records pertaining to part 2 of the Request. A true and correct copy of this letter is attached as **Exhibit 5**.

22. On April 13, 2026, Plaintiff's counsel mailed an administrative appeal to NARA regarding the Trump Library's failure to conduct a reasonable search for records pertaining to part 2 of the Request (the "Appeal"). A true and correct copy of the Appeal is attached as **Exhibit 6**.

23. On April 30, 2026, Plaintiff's counsel received an email from NARA acknowledging receipt of the Appeal on April 22, 2026 and assigning it tracking number NGC26-048A. A true and correct copy of that email is attached as **Exhibit 7**.

24. As of the date of the filing of this Complaint, neither Plaintiff nor his counsel have received any further communications from NARA or the Trump Library regarding the Appeal.

25. On April 8, 2026, Plaintiff received via email a letter stating that the Trump Library had conducted a search for records pertaining to part 5 of the Request and had identified approximately 4,578 images of potentially responsive records. NARA assigned tracking number 26-30082-F to part 5 of the Request. A true and correct copy of this letter is attached as **Exhibit 8**.

26. As of the date of the filing of this Complaint, Plaintiff has received no further communications from NARA or the Trump Library regarding part 5 of the Request.

27. On May 29, 2026, Plaintiff received via email a letter stating that the Trump Library had conducted a search for records pertaining to parts 3, 4, and 6 of the Request. A true and correct copy of this letter is attached as **Exhibit 9**.

28. The Trump Library stated that it had identified 896 pages of records potentially responsive to part 3 of the Request, which it assigned tracking number 26-31369-F. Ex. 9.

29. The Trump Library stated that it had identified 1,461 electronic files potentially responsive to part 4 of the Request, which it assigned tracking number 26-31373-F. Ex. 9.

30. The Trump Library stated that it had identified 6,178 electronic files potentially responsive to part 6 of the Request, which it assigned tracking number 26-31375-F. Ex. 9.

31. As of the date of the filing of this Complaint, Plaintiff has not received any communications from Defendants regarding part 1 of the Request.

32. As of the date of the filing of this Complaint, NARA and the Trump Library have not made any determinations as to any part of Plaintiff's Request.

33. Upon information and belief, neither the Archivist, nor NARA, nor the Trump Library have provided any notice to President Trump of any determination to release records pursuant to Plaintiff's Request. *See* National Archives, *Letters of*

*Notification of Intent to Release Presidential Records*, https://www.archives.gov/foia/pra-notifications (last visited July 24, 2026).

34. As of the date of the filing of this Complaint, it has been approximately 185 calendar days and 128 business days since Plaintiff submitted the Request.

35. As of the date of the filing of this Complaint, it has been approximately 93 calendar days and 64 business days since NARA received the Appeal as to part 2 of the Request.

## Causes of Action

### COUNT I (as to all Defendants)
### Failure to Comply with Statutory Deadlines

36. Plaintiff re-alleges and incorporates by reference the preceding paragraphs of the Complaint.

37. By submitting the Request, Plaintiff properly requested records within the possession, custody or control of Defendants.

38. Defendants failed to make determinations with respect to the Request within the timeframe required by FOIA. 5 U.S.C. § 552(a)(6)(A).

39. Plaintiff has or is deemed to have exhausted applicable administrative remedies with respect to the Requests. 5 U.S.C. § 552(a)(6)(A)(ii); *id.* § 552(a)(6)(C)(i).

40. Defendants' failure to provide determinations with respect to the Requests within the timeframe required by FOIA is a violation of FOIA and the PRA. 5 U.S.C. § 552(a)(6)(A); 44 U.S.C. § 2203(g)(1); *id.* § 2204(c)(1).

41. Defendants' failure to provide determinations with respect to the Requests within the timeframe required by FOIA has resulted in an unlawful

withholding of the actions required of Defendants under the PRA, including those actions required under 44 U.S.C. § 2208. 5 U.S.C. § 706.

42. Plaintiff is suffering a legal wrong because of, and is adversely affected or aggrieved by, Defendants' unlawful withholding of the actions required under the PRA, including those actions required under 44 U.S.C. § 2208.

**COUNT II (as to NARA)**
**Violation of FOIA for Wrongful Withholding of Agency Records**

43. Plaintiff re-alleges and incorporates by reference the preceding paragraphs of the Complaint.

44. Defendant NARA is an agency subject to FOIA.

45. By submitting the Request, Plaintiff properly requested records within the possession, custody or control of NARA.

46. The Request complied with all applicable regulations regarding the submission of FOIA requests.

47. Defendant NARA has not released any records or portions thereof in response to the Request.

48. Defendant NARA has not cited any exemptions to withhold records or portions thereof that are responsive to the Request.

49. Defendant NARA has not identified whether or how release of the records sought by the Request would foreseeably harm an interest protected by a FOIA exemption, a privilege asserted by the President pursuant to the PRA, or why disclosure is prohibited by law. 5 U.S.C. § 552(a)(8).

50. Defendant NARA has improperly withheld records responsive to the Request in violation of FOIA. 5 U.S.C. § 552(a)(3)(A).

**COUNT III (as to NARA)**
**Violation of FOIA for Failure to Conduct a Reasonable Search**

51. Plaintiff re-alleges and incorporates by reference the preceding paragraphs of the Complaint.

52. Defendant NARA failed to conduct a search reasonably calculated to identify all records responsive to part 2 of the Request in violation of its obligations under FOIA. 5 U.S.C. § 552(a)(3).

53. Plaintiff has or is deemed to have exhausted applicable administrative remedies with respect to the Appeal. 5 U.S.C. § 552(a)(6)(A)(ii); *id.* § 552(a)(6)(C)(i).

**Requested Relief**

WHEREFORE, Plaintiff respectfully requests that this Court:

(1) Issue a declaration that Defendants' failure to provide a determination with respect to the Request within the required statutory deadline is a violation of FOIA and the PRA;

(2) Order Defendant NARA to complete its search for records responsive to the Request and to issue determinations with respect to the Request and Appeal;

(3) Order Defendant Archivist to provide notice to the President and the public regarding such determinations and otherwise comply with the requirements set forth in 44 U.S.C. § 2208;

(4) Order Defendants to release all non-exempt, non-privileged records responsive to the Request following the expiration of the period for the President's review set forth in 44 U.S.C. § 2208(3);

(5) Issue a declaration that Plaintiff is entitled to disclosure of non-exempt, non-privileged records responsive to the Request following the expiration of the period for the President's review set forth in 44 U.S.C. § 2208(3);

(6) Enjoin Defendants from continuing to withhold any and all non-exempt, non-privileged records responsive to the Request following the expiration of the period for the President's review set forth in 44 U.S.C. § 2208(3);

(7) Award Plaintiff reasonable attorney fees and costs incurred in this action under 5 U.S.C. § 552(a)(4)(E) and/or 28 U.S.C. § 2412; and

(8) Grant such other relief as the Court may deem just and proper.

Dated: July 24, 2026

Respectfully submitted,

*<u>/s/ Lin Weeks</u>*
Lin Weeks
D.C. Bar No. 1686071
Email: lweeks@rcfp.org
Rachel Seller
D.C. Bar No. 1781601
Email: rseller@rcfp.org
Gunita Singh
D.C. Bar No. 1601923
Adam A. Marshall
D.C. Bar No. 1029423
REPORTERS COMMITTEE FOR FREEDOM
OF THE PRESS
1156 15th Street NW, Suite 1020
Washington, DC 20005

Phone: 202.800.3533
Facsimile: 202.795.9310

*Counsel for Plaintiff*